IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD DERRINGER, JR.,

       Plaintiff,   :   Case No. 3:16-cv-100

  v.   :   JUDGE WALTER H. RICE

NANCY A. BERRYHILL,   :   MAGISTRATE JUDGE
                                            SHARON L. OVINGTON

Acting Commissioner of the   :
Social Security Administration,

                                             :

       Defendant.

---

DECISION AND ENTRY ADOPTING IN ITS ENTIRETY REPORT AND RECOMMENDATIONS (DOC. #16) OF UNITED STATES MAGISTRATE JUDGE; OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, TO SAID JUDICIAL FILING (DOC. #18) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF RICHARD DERRINGER, JR., AND AGAINST THE COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR AN IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff Richard Derringer, Jr. ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On February 6, 2017, Magistrate Judge Sharon L. Ovington filed her Initial Report and Recommendations, Doc. #16, recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and that the captioned cause be remanded under sentence four of 42 U.S.C. § 405(g) for an immediate award of benefits. The Commissioner filed Objections to the Report and Recommendations, Doc. #18, to which Plaintiff responded, Doc. #20, but raised no objections himself.

Based upon reasoning and citations of authority set forth below and in the Report and Recommendations, Doc. #16, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #5, and a thorough review of the applicable law, this Court, ADOPTS in its entirety the Report and Recommendations, Doc. #16, and OVERRULES the Commissioner's Objections, Doc. #18, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, as not supported by substantial evidence, and remanding the captioned cause, pursuant to sentence four of 42 U.S.C. §405(g), to the Commissioner for an immediate award of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This

Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. At Step Three, the ALJ concluded that Plaintiff's severe impairments, alone or in combination, did not meet or equal 20 C.F.R. Pt. 404, Subpt. P, App'x 1 Listing ("Listing" or "Appendix 1 Listing") 12.05(C). For purposes relevant to this opinion, the Court considers three elements for Listing 12.05(C): (1) an intelligence quotient ("I.Q.") score between 60 and 70; (2) a severe physical or mental impairment; and (3) significant deficits in adaptive functioning.[2] The ALJ reached his Step Three conclusion, in part, because he found that Plaintiff "received a Full Scale [Intelligence Quotient or 'I.Q.'] score of 71[,] and Listing 12.05 requires a valid verbal, performance, or full scale I.Q. score of 60 through 70." Doc. #5-2, PAGEID #80. However, the record reflects that Plaintiff had a verbal I.Q. score of 69, Doc. #5-7, PAGEID #509, and under the Commissioner's own regulations, the ALJ must use the lowest score in evaluating whether Plaintiff satisfied the

---

[2] Additionally, there must be evidence that Plaintiff's intellectual disorder began prior to the age of twenty-two. The parties do not dispute that, if Plaintiff has an intellectual disorder, it began prior to his turning twenty-two years old. *See* Doc. #5-7, PAGEID #509 (school records showing Plaintiff with a verbal I.Q. below 70 when he was thirteen years old).

4

I.Q. element of Listing 12.05(C).  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(D)(6)(c). The ALJ's failure to do so was legal error.

Further, at Step Two, the ALJ found that Plaintiff had several severe physical and mental impairments, Doc. #5-2, PAGEID #74, and the Magistrate Judge correctly concluded that Plaintiff satisfied the "severe impairment" element of Listing 12.05(C). Doc. #16, PAGEID #1027-28 (citations omitted).  Therefore, the only issue in dispute is whether Plaintiff satisfied the "adaptive limitations" element—that is, whether Plaintiff has demonstrated "concurrent deficits or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety.'" *Hayes v. Comm'r of Soc. Sec.*, No. 09-5409, 357 F. App'x 672, 677 (6th Cir. 2009) (citation omitted).

2. The Commissioner, in her Objections, argued that "[t]he Sixth Circuit has considered similar cases and repeatedly held that Plaintiffs did not have the required adaptive deficits to meet [L]isting 12.05C when they had lengthy work histories and performed semi-skilled jobs."  Doc. #18, PAGEID #1045 (citing *Justice v. Comm'r Soc. Sec. Admin.*, No. 12-3150, 515 F. App'x 583, 587 (6th Cir. 2013); *Cooper v. Comm'r of Soc. Sec.*, No. 06-5606, 217 F. App'x 450, 452 (6th Cir. 2007) (*per curiam*); *Carmack v. Barnhart*, No. 04-6152, 147 F. App'x 557, 561 (6th Cir. 2005)).  Because Plaintiff worked in semi-skilled positions for almost twenty years, the Commissioner argues, he cannot satisfy the adaptive limitations element of Listing 12.05(C).  *Id.*, PAGEID #1044-45. However, as Plaintiff correctly states, a history of semi-skilled work "is not a barrier to being

5

found disabled under Listing 12.05(C)." Doc. #20, PAGEID #1076 (citing *Brown v. Sec'y of Health & Human Servs.*, 948 F.2d 268, 270 (6th Cir. 1991)), and two of the cases cited by the Commissioner are distinguishable from the instant case. For instance, the plaintiff in *Justice* "received unemployment benefits as late as 2007, which are conditioned on the unemployed beneficiary's being able and willing to work." 515 F.3d at 587. The Commissioner does not cite to any evidence of record indicating that Plaintiff received unemployment benefits or otherwise self-represented that he was capable of working after he stopped working most recently. The plaintiff in *Carmack* had an "average academic record" and "[a]t one point . . . was employed as a court reporter which, at a minimum, requires proficiency in stenography and the capacity to concentrate for long periods of time." 147 F. App'x at 560-61. Plaintiff, meanwhile, was placed in remedial classes from an early age and failed to obtain a high school diploma or general equivalency diploma. Doc. #16, PAGEID #1029 (citing Doc. #5-7, PAGEID #509-10). In sum, neither Sixth Circuit caselaw nor Plaintiff's past work history prevents the Court from concluding that Plaintiff has adaptive deficits such that his impairments meet or equal Listing 12.05(C).

       3. The Commissioner emphasizes that the examining psychologist, Dr. Stephen Halmi, and record-reviewing psychologists, Drs. Karla Voyten and Leslie Rudy, all opined that Plaintiff had borderline intellectual functioning, and not an intellectual disability (formerly known as mental retardation). Doc. #18, PAGEID #1049. Therefore, the Commissioner argues, presented with those opinions, the ALJ could have reasonably concluded that Plaintiff did not have the adaptive limitations required to meet or equal Listing 12.05(C), a conclusion that must be affirmed as being supported by substantial

6

evidence. *Id.* However, Dr. Halmi opined that Plaintiff "would like[ly] have problems getting along with difficult[] people due to irritability and communication skills and would likely respond to constructive criticism with defensiveness[.]" Doc. #5-2, PAGEID #81 (citation omitted). The ALJ, in formulating Plaintiff's residual functional capacity, limited Plaintiff to "unskilled work that requires understanding and remembering [one- to two-]step tasks with occasional contact with coworkers, supervisors and the public." *Id.*, PAGEID #83. The ALJ's discussion suggests that Plaintiff <u>does</u> have concurrent deficits in communication and social/interpersonal skills. Further, Dr. Halmi's notes stated that Plaintiff "had some problems with his coworkers, and he was in a physical fight at work once[,]" Doc. #16, PAGEID #1032 (citing Doc. #5-7, PAGEID #775); these notes directly contravene the ALJ's statement that "the record does not reveal problems interacting with others." Doc. #5-2, PAGEID #81. Finally, the record is replete with evidence of Plaintiff's significant academic impairments, which began when he was in elementary school and never significantly improved. Doc. #16, PAGEID #1029 (citing Doc. #5, PAGEID #509-10, 522-24). As the overwhelming evidence of record suggests that Plaintiff met the adaptive limitations element of Listing 12.05(C), the only proper conclusion at Step Three was that Plaintiff met or equaled Listing 12.05(C).

    4.    Remanding a case to the Commissioner for an award of benefits, rather than further proceedings, is appropriate "only where the proof is disability is overwhelming or where the proof of disability is strong while contrary evidence is lacking." *Faucher v. Sec'y' of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). As discussed above, the evidence supporting a finding that Plaintiff's impairments met or equaled Listing

7

12.05(C) is overwhelming, and the Commissioner's own regulations state that when a claimant meets or equals an Appendix 1 listing "and meets the duration requirement, we will find that you are disabled." 20 C.F.R. § 416.920(a)(4)(iii). As further administrative proceedings would serve only to delay the finding of disability required by the evidence of record, the proper course of action is to remand the captioned cause for an award of benefits.[3]

WHEREFORE, based upon the aforesaid, this Court ADOPTS in its entirety the Report and Recommendations of the Magistrate Judge. Doc. #16. Plaintiff's Objections to the Initial Report and Recommendations, Doc. #18, are OVERRULED. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 29, 2017

                                                WALTER H. RICE, JUDGE
                                                UNITED STATES DISTRICT COURT

---

[3] As the Court has concluded that, as a matter of law, Plaintiff's impairments meet or equal Listing 12.05(C), it need not consider Plaintiff's argument that his physical impairments meet or equal Listing 1.02(A).